Case 5:24-cv-00109-JHY-JCH Document 3 Filed 02/06/25 Page 1 of 9 Pageid#: 43

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE
FILED
February 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| Christina Moore, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:24-cv-00109 |
| ) | |
| Harrisonburg Police Department *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the court on *pro se* Plaintiff Christina Moore's motion for leave to proceed *in forma pauperis* (the "Application"). (Dkt. 2.) On December 23, 2024, Moore filed a complaint against six Defendants. (Compl. (Dkt. 1).) The same day, Moore also filed the Application to proceed without prepayment of fees or costs. (Dkt. 2.) While the court finds that Moore qualifies to proceed without prepayment of fees or costs, it also finds that her complaint asserts claims that are clearly time-barred. Accordingly, the court grants the Application, but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I. Background

On December 23, 2024, Moore filed the instant complaint against six defendants, the Harrisonburg Police Department, Ex-Chief Kelley Warner, Lieutenant Todd Miller, Detective Bradley Matthias, Sergeant Megan LaPrevotte, and Detective Jonathan Snoddy. (Compl. at 1.) Moore alleges that her son, Towan Cappell, went missing on August 13, 2022. (*Id.* at 2.)

Moore then reported her son missing to Officer Klotz on August 16, 2022.[1] (*Id.*) After expressing her fears that her son had overdosed or been killed, she alleges that Klotz replied "Oh, and airplanes fall out of the sky daily and crash." (*Id.*)

On August 18, 2022, the body of Moore's son was discovered in Harrisonburg, Virginia. (*Id.*) Two days later, on August 20, 2022, Moore personally discovered parts of her son's front teeth and hair while visiting the scene. (*Id.*) She turned that evidence over to Detective Bradley Matthias and Sergeant Megan LaPrevotte. (*Id.*) Upon turning that evidence in, LaPrevotte allegedly replied to Moore, "This is not like a T.V. Show." (*Id.*) Moore requested that a further search of the scene with police dogs occur, which Detective Matthias said Detective Dyer would conduct between August 22 and August 26, 2022.[2] (*Id.*) She alleges that law enforcement failed to take timely action. (*Id.*)

On August 29, 2022, Moore returned to the scene and discovered additional evidence of her son, including part of his jaw, three teeth, and more hair. (*Id.*) These actions allegedly caused Moore tremendous grief, post-traumatic stress disorder, night terrors, and mental anguish. (*Id.*)

Moore raises four counts in her complaint. (*Id.* at 3.) First, she asserts that Defendants violated her rights to due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983. (*Id.*) She claims that Defendants "failed to conduct a thorough and proper

---

[1] Officer Klotz is not named as a defendant in the complaint. The court assumes that Officer Klotz works for the Harrisonburg Police Department.
[2] Detective Dyer is not named as a defendant in the complaint. The court assumes that Detective Dyer works for the Harrisonburg Police Department.

investigation" and deprived her of justice, which "amounts to a violation of [her] right to due process as a grieving mother." (*Id.*)

Second, she asserts a state law negligence claim. (*Id.*) Moore claims that Virginia Code § 8.01-50 imposes a duty of care on police to conduct investigations responsibly, and that Defendants violated this duty "by failing to properly investigate [her] son's death and by relying on [Moore], a civilian, to discover critical evidence." (*Id.*)

Third, she asserts a state law wrongful death claim. (*Id.*) Moore claims that Defendants are liable for the wrongful death of her son because "[t]he mishandling of the investigation caused further trauma, delay[ed] justice for [her] son[,] and hinder[ed] full justice for [her] son." (*Id.*)

Fourth, she asserts a state law intentional infliction of emotional distress (IIED) claim. (*Id.*) Moore claims that Officer Klotz's August 16, 2022 statement and Sergeant LaPrevotte's August 20, 2022 statement put Moore "in a state of trauma." (*Id.* at 2–3.) Additionally, Moore claims that she has been traumatized by Detective Matthias and Detective Snoddy "intentionally leaving parts of [her] son at the crime scene." (*Id.* at 3.)

As relief, Moore requests a "declaratory judgment that the Defendants violated their duty of care and [her] constitutional rights," as well as compensatory and punitive damages. (*Id.* at 4.) Along with her complaint, Moore filed the Application, a motion for leave to proceed *in forma pauperis*. (Dkt. 2.)

## II.     Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In addition, a complaint may be dismissed *sua sponte* under § 1915 "'when the face of the complaint clearly reveals the existence of a meritorious affirmative defense,' such as the statute of limitations." *Hurst v. Harbert*, No. 5:15-CV-00033, 2015 WL 3505557, at *2 (W.D. Va. June 3, 2015), *aff'd*, 630 F. App'x 209 (4th Cir. 2016) (quoting *Brockton v. Boykins,* 637 F.3d 503, 506 (4th Cir. 2011) (internal citations omitted)); *see Eriline*, 440 F.3d at 655 (permitting "*sua sponte* consideration of the statute of limitations when such a defense plainly appears on the face of . . . a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915").

While the court will construe Moore's *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), her complaint must state a right to relief that is plausible on its face, *see Iqbal*, 556 U.S. at 678.  Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

### III.    Analysis

Moore brings this case following the death of her son and subsequent police investigation. (*See generally* Compl.) She purports to bring four counts in her complaint, one under a federal statute and three under state law. Upon review, however, it is plain from the complaint that the applicable statutes of limitations bar Moore's claims.

**A.    Count I:  42 U.S.C. § 1983**

In her first count, Moore asserts that Defendants violated her rights to due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983. (*Id.* at 3.) She claims that Defendants "failed to conduct a thorough and proper investigation" and deprived her of justice, which "amounts to a violation of [her] right to due process as a grieving mother." (*Id.*)

In Virginia, civil rights actions under § 1983 have a two-year statute of limitations. *Shelton v. Va. Dep't of Corr.*, No. 7:13CV00109, 2013 WL 1333428, at *2 (W.D. Va. Mar. 28, 2013). That is because the statute of limitations for claims under § 1983 is borrowed from the forum state's personal injury statute. *Bradley v. Snidow*, No. 7:19CV00359, 2019 WL 2330904, at *3 (W.D. Va. May 31, 2019); *see* Va. Code § 8.01-243(A). Accordingly, Moore must bring her civil rights action under § 1983 within two years of when the cause of action accrues.

Moore's cause of action under § 1983 accrued "when [she] possesse[d] sufficient facts about the harm done to [her] that reasonable inquiry will reveal [her] cause of action." *Shelton*, 2013 WL 1333428, at *2 (quoting *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)).

Moore's complaint alleges generally that Defendants insufficiently investigated the death of her son by failing to identify and remove critical evidence from the scene, and by failing to conduct a further search with a police dog in August 2022. (Compl. at 2.) So, Moore possessed sufficient facts about the harm when she discovered the remains at the scene in August 2022. Thus, any civil rights complaint under § 1983 must have been brought, at the latest, by August 2024. As a result, Moore's civil rights claim under § 1983 is barred by the relevant statute of limitations.[3]

**B.    Count II:  State Law Negligence**

In her second count, Moore asserts a state law negligence claim against Defendants. (*Id.* at 3.) Moore claims that Virginia Code § 8.01-50 imposes a duty of care on police to conduct investigations responsibly, and that Defendants violated this duty "by failing to properly investigate [her] son's death and by relying on [Moore], a civilian, to discover critical evidence.[4] (*Id.*)

---

[3] Moore also fails to set forth facts establishing the basic elements of a viable § 1983 claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (cleaned up). Yet Moore's complaint contains no details or sufficient factual allegations as to these elements.

[4] Although Moore cites Virginia Code § 8.01-50, that statute does not appear provide any duty on police officers related to Moore's negligence claim. Instead, that statute provides the cause of action for bringing a wrongful death claim. Accordingly, while this statute may be relevant to Moore's wrongful death claim, it is not relevant to her negligence claim.

"Virginia has a two-year statute of limitations for negligence that accrues at the time of the injury." *Tohotcheu v. Harris Teeter, Inc.*, No. 1:11-CV-767, 2011 WL 5873074, at *4 (E.D. Va. Nov. 22, 2011) (citing Va. Code Ann. § 8.01-243). Moore's cause of action accrued when the tort (*i.e.*, the negligence), and thus harm, was committed. *See* Va. Code Ann. § 8.01-230 ("[T]he right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained. . . .") Moore alleges that the negligence occurred through an inadequate investigation by Defendants conducted in August 2022. (*See* Compl. at 2.) Thus, any negligence action must have been brought before, at the latest, August 2024. As a result, Moore's state law negligence claim is barred by the relevant statute of limitations.[5]

### C. Count III: State Law Wrongful Death

In her third count, Moore asserts a state law wrongful death claim against Defendants. (*Id.*) Moore claims that Defendants are liable for the wrongful death of her son because "[t]he mishandling of the investigation caused further trauma, delay[ed] justice for [her] son[,] and hinder[ed] full justice for [her] son." (*Id.*) A wrongful death action in Virginia must be brought "by the personal representative of the decedent within two years after the death of the injured person." Va. Code Ann. § 8.01-244. Moore alleges that the body of Moore's son was discovered on August 18, 2022. (*See* Compl. at 2.) Thus, any wrongful death action must have been brought before, at the latest, August 18, 2024. *See Watson v. Newman*, No. 3:23CV721,

---

[5] Moore also fails to set forth facts establishing the basic elements of a viable negligence claim under Virginia law. Negligence, under Virginia common law, requires a plaintiff to plead allegations that: "(1) a legal duty was owed by the Defendant; (2) that duty was breached by the Defendant; and (3) a harm or injury was proximately caused by the breach." *Tohotcheu*, 2011 WL 5873074, at *4 (citing *McGuire v. Hodges*, 273 Va. 199, 205–06 (2007)). Moore's complaint contains no information beyond conclusory assertions as to legal duty owed, the breach of that duty, and the harm caused by that breach.

2024 WL 3903231, at *7 (E.D. Va. Aug. 21, 2024) (applying a two-year statute of limitations to plaintiff's state-law wrongful death claim from the date of the alleged wrongful death). As a result, Moore's state law wrongful death claim is barred by the relevant statute of limitations.[6]

### D.     Count IV: State Law Intentional Infliction of Emotional Distress

In her fourth count, Moore asserts a state law intentional infliction of emotional distress (IIED) claim. (*See* Compl. at 2.) Moore claims that Officer Klotz's August 16, 2022 statement and Sergeant LaPrevotte's August 20, 2022 statement put Moore "in a state of trauma." (*Id.* at 3.) Additionally, Moore claims that she has been traumatized by Detective Matthias and Detective Snoddy "intentionally leaving parts of [her] son at the crime scene." (*Id.*) Moore's IIED claim must be brought within two years after the cause of action accrues. *See* Va. Code § 8.01-243(A). In general, the "duty-breach-harm sequence for a tort claim, when complete, triggers the accrual of . . . a right of action upon the date of damage or injury." *Kerns v. Wells Fargo Bank, N.A.*, 818 S.E.2d 779, 784 (Va. 2018). So, the statute of limitations for Moore's IIED claim began running from the time of her alleged damages or injuries. Moore claims that statements made in August 2022, as well as discovering parts of her son's remains in the same month, inflicted distress upon her. (*See* Compl. at 2.) Thus, any claim for IIED must have been brought before, at the latest, August 2024. As a result, Moore's state law IIED claim is barred by the relevant statute of limitations.[7]

---

[6] Moore also fails to set forth facts establishing the basic elements of a viable wrongful death claim under Virginia law. Virginia's wrongful death statute requires that "the death of a person shall be caused by the wrongful act, neglect, or default of any" qualifying entity. Va. Code Ann. § 8.01-50. Yet Moore's complaint contains no information as to the cause of her son's death nor any information as to involvement of the named Defendants.

[7] Moore also fails to set forth facts establishing at least two of the elements of a viable IIED claim under Virginia law. A plaintiff must sufficiently plead that "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe." *Sirleaf v. Doe*, No. 7:21CV00237, 2021 WL 3362033, at *1

## IV.     Conclusion

For the foregoing reasons, the court grants the Application to proceed *in forma pauperis*, but dismisses the complaint without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Moore.

**ENTERED** this 6th day of February, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

(W.D. Va. Aug. 3, 2021). Moore's complaint contains no allegations as to whether Defendants' conduct was intentional or reckless, or whether the conduct was outrageous or intolerable.